IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| MESEARCH MEDIA TECHNOLOGIES LIMITED, | : | Case No. 24-21982-JCM |
| | : | |
| *Debtor,* | : | Chapter 11 (Involuntary) |
| | : | |
| MESEARCH MEDIA TECHNOLOGIES LIMITED, | : | Adversary No. 25-2048-JCM |
| | : | |
| *Plaintiff,* | : | Related to Doc. Nos. 4, 7 |
| v. | : | |
| CRIVELLA HOLDINGS LIMITED, CRIVELLA TECHNOLOGIES LIMITED, and ARTHUR R. CRIVELLA, | : | |
| | : | |
| | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OPINION**

On September 18, 2025, Crivella Holdings Limited, Crivella Technologies Limited, and Arthur Crivella ("Defendants") filed a ***Motion to Dismiss Amended Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief Pursuant to Rules 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure and Rules 7012(b)(1) and 7012(b)(6) of the Federal Rules of Bankruptcy Procedure*** ("Motion") (Doc. 7) in relation to the ***Amended Complaint for Declaratory Judgment and Preliminary Injunctive Relief*** ("Complaint") filed by Plaintiff on August 18, 2025 (Doc. 4). For the reasons set forth below, the Court will grant the *Motion* and dismiss the adversary proceeding.

**PLAINTIFF'S COMPLAINT**

Plaintiff's *Complaint* seeks four Counts of relief. Count I seeks a declaratory judgment under 28 U.S.C. § 2201(a) regarding the scope of the Reorganized Debtor's rights under the Software License Agreement dated July 1, 2019 ("License") and specifically, the Reorganized Debtor's interest in using the "Knowledge Kiosk." Count II also seeks a declaratory judgment

1

under 28 U.S.C. § 2201(a) dictating exactly what property the Reorganized Debtor owns exclusively under the License. Count III seeks injunctive relief under 11 U.S.C. § 105(a) and/or Bankruptcy Rule 7065 preliminarily and permanently enjoining Crivella from limiting the Reorganized Debtor's access to the Knowledge Kiosk. Count IV seeks another declaratory judgment under 28 U.S.C. § 2201(a) to determine the property it owns jointly with Crivella Holdings Limited in the Knowledge Kiosk/C360.

### MOTION TO DISMISS

Defendant's *Motion* and accompanying ***Brief in Support of Motion to Dismiss Amended Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Rules 7012(b)(1) and 7012(b)(6) of the Federal Rules of Bankruptcy Procedure*** (Doc. 8) argue that the within adversary proceeding should be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction stating the Plaintiff fails to allege in the *Complaint* that the claims constitute a core proceeding and that the *Complaint* fails to establish related to jurisdiction under 28 U.S.C. § 157. The *Motion* also asserts that Defendants are entitled to relief under Rule 12(b)(6) since the *Complaint* fails to state a claim upon which relief may be granted.

Defendants argue that the claims brought under the Declaratory Judgment Act are not related to the underlying bankruptcy and that a determination of the parties' contractual rights under the License has no bearing on the bankruptcy estate since the estate has been fully administered.[1] Despite the *Complaint's* averment in paragraph 2 that this "is a core proceeding

---

[1] *See Notice of Occurrence of Effective Date* filed on May 30, 2025 (Doc. 371) which indicates May 30, 2025 was the effective date of the plan and that "Game Creek has paid all allowed claims and taken other such action necessary to substantial consummation of the Plan."

under 28 U.S.C. § 157(b)(2)" Defendants disagree and argue that it is not a core proceeding since

it does not invoke a substantive right under Title 11 and is not a "proceeding that could only arise

in the context of a bankruptcy case." *In re Exide Techs.,* 544 F.3d 196, 206 (3d Cir. 2008).

Defendants further contend that the Court does not have subject matter jurisdiction to hear

Plaintiff's request for an injunction under 11 U.S.C. § 105(a) because "[s]ection 105(a) does not,

however, broaden the bankruptcy court's jurisdiction, which must be established separately[.]" *In*

*re Combustion Eng'g, Inc.,* 391 F.3d 190, 225 (3d Cir. 2004) (quoting *In re Johns-Manville Corp.,*

801 F.2d 60, 63 (2d Cir. 1986)).

Defendants cite to *In re Resorts Int'l., Inc.*, 372 F.3d 154, 166-67 (3d Cir. 2004) in

support of their argument that post-confirmation subject matter jurisdiction is narrow, and the

Plaintiff must establish a "close nexus" to the Chapter 11 plan in order to establish related to

jurisdiction over the *Complaint*.  Quoting *Resorts,* Defendants state the close nexus must affect the

plan's "interpretation, implementation, consummation, execution, or administration." *Id.* at 167.

Defendants allege that the *Complaint* does not require interpretation of the Plan, nor does Plan

implementation depend on the requested interpretation of the License.  Defendant points out that

the source of funds for Plan administration were the proceeds generated from the sale of the

Debtor's equity and Plan funding was not dependent on any proceeds generated as a result of the

License.

Defendants also contend that Plaintiff lacks authority to bring this *Complaint* in

federal Bankruptcy Court under the Declaratory Judgment Act 28 U.S.C. § 2201 et. seq. since it

confers discretionary jurisdiction, and a court may only exercise jurisdiction over a complaint

under this section if the court would have jurisdiction over the Plaintiff's substantive rights alleged

in the *Complaint,* i.e. jurisdiction based upon a federal question or diversity.   Defendants finally

argue that the *Complaint* fails to state a claim upon which relief can be granted and thus it should

be dismissed under Rule 12(b)(6) because the allegations in the *Complaint* do not justify relief

under the Declaratory Judgment Act or 11 U.S.C. § 105(a).

### PLAINTIFF'S BRIEF OPPOSING DISMISSAL

***Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss Amended
Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief
Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and Rules
7012(b)(1) and 7012(b)(6) of the Federal Rules of Bankruptcy Procedure*** (Doc. 12) argues that

the Court maintains jurisdiction over the proceeding based on the provisions retaining jurisdiction

in the confirmed Plan.  Plaintiff points to section 15.1(g) and (p) of the plan which state:

> **15.1   Retention of Jurisdiction**
>
> Notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction of all matters arising out of or relating to the Chapter 11 Case, the Plan, the Confirmation Order, the Creditors' Royalties Escrow, and the Estate pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:
>
> …(g) To enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan, including but not limited to any motions filed pursuant to section 363 of the Bankruptcy Code;
>
> …(p) To issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any person or Entity with the consummation of the Plan, or the enforcement of any rights, remedies, or obligations created under the Plan;

The Plaintiff cites to cases from other districts stating courts will find that jurisdiction exists if the

confirmed plan provided for retention of jurisdiction.  *In re Park Ave. Radiologists, P.C.,* 450 B.R.

461, 467 (Bankr. S.D.N.Y. 2011); *In re Ventilex USA, Inc.,* 509 B.R. 140, 143 (Bankr. S.D. Ohio

2014).

Plaintiff acknowledges that post-confirmation "related to" jurisdiction shrinks, and

a Bankruptcy Court only retains jurisdiction over claims having a close nexus to the bankruptcy

plan.  Plaintiff maintains that "a 'close nexus' exists 'when a matter affects the interpretation,

implementation, consummation, execution, or administration of a confirmed plan.'" *Resorts,* 372

F.3d at 167.  Plaintiff alleges there is a close nexus in this case because the License was assumed

in the Plan, and the License involves unfettered access to the Knowledge Kiosk. Therefore, the

Plan is implicated since the Defendants have allegedly prevented the Reorganized Debtor from

accessing and using the Knowledge Kiosk.  Plaintiff concludes that because of this alleged denial

of access to the Knowledge Kiosk, without a declaration and injunction from this Court, the

purpose of the Plan will be unfulfilled and full implementation of the Plan will be prevented, thus

bestowing jurisdiction on this Court to resolve the issues.

As to Defendants' argument that the *Complaint* fails to state a claim under which

relief can be granted under Rule 12(b)(6), Plaintiff argues that they have adequately pleaded all

elements of their three declaratory judgment claims as well as their claim for an injunction.

Plaintiffs do not provide any authority that they have satisfied these elements, but they state that a

declaratory judgment claim requires the Plaintiff to allege in the *Complaint* that (1) an actual case

or controversy exists; (2) the court maintains proper legal authority and jurisdiction over the parties

involved and the subject matter of the dispute; (3) the plaintiff maintains a legally protected interest

in the matter and are a proper party to bring the action; and (4) the relief sought settles uncertainty

and resolves the dispute between the parties. As to injunctive relief Plaintiff states they must allege

that (1) the movant is likely to suffer irreparable harm in the absence of preliminary relief; (2) the

balance of equities tips in the movant's favor; (3) an injunction is in the public interest; and (4) the

movant is likely to succeed on the merits.

## ANALYSIS

For the reasons set forth below, the Court ultimately agrees with Defendants'

assertion that the Bankruptcy Court lacks jurisdiction to hear the *Complaint.*  Therefore, the below

analysis will focus on Defendants' Rule 12(b)(1) argument, and this Opinion will not reach the

merits of whether Plaintiff's claims as set forth in the *Complaint* are well pleaded under Rule

12(b)(6).

### *Fed.R.Bankr.P. 7012(b)(1) Standard*

Federal Rule of Bankruptcy Procedure 7012(b)(1) makes Federal Rules of Civil

Procedure 12(b)(1) applicable to bankruptcy adversary proceedings.  Here, Defendants are

presenting a facial challenge[2] to subject matter jurisdiction since Defendants argue that the face of

the claims as alleged in the *Complaint* do not rise to the level of related to jurisdiction.  Therefore,

"the court must only consider the allegations of the complaint and documents referenced therein

and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States,*

220 F.3d 169, 176 (3d Cir. 2000).  It is the Plaintiff's burden to prove the existence of subject

matter jurisdiction. *Id.* at 178.

### *Bankruptcy Court Jurisdiction*

For a Bankruptcy Court to exercise jurisdiction over a complaint in an adversary

proceeding, it must have jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. *In re IMMC Corp.,*

---

[2] When challenging subject matter jurisdiction, a complaint can be attacked on its face or it can be attacked based on an extrinsic factual dispute. *See Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884 (3d Cir. 1977).

909 F.3d 589, 595 (3d Cir. 2018).  Section 1334 confers upon District Courts original and exclusive

jurisdiction of all cases under Title 11, and section 157(a) allows District Courts to refer matters

"arising under title 11 or arising in or related to a case under title 11" to bankruptcy judges.  *Id.*

This grant of jurisdiction to the Bankruptcy Court is further divided into "core" and "non-core"

proceedings.  *Id.*

### *"Core" Jurisdiction*

Core proceedings are those that "invoke a substantive right provided by title 11" or

"that by [their] nature could arise only in the context of a bankruptcy case." *Id.* (quoting *Halper v.*

*Halper,* 164 F.3d 830, 836 (3d Cir. 1999)).  Section 157(b) includes a non-exhaustive list of core

proceedings.  Although the *Complaint* contains the blanket assertion in paragraph 2 that this is a

core proceeding under 28 U.S.C. § 157(b)(2), it does not identify a specific subsection that may

apply here.  However, Plaintiff argued during the October 9, 2025 hearing that at the time the

*Complaint* was filed, Plaintiff intended the *Complaint* to be a core proceeding under 28 U.S.C. §

157(b)(2)(C) as counterclaims brought by the estate against persons who filed claims against the

Debtor's estate.

Plaintiff argued that when the *Complaint* was filed the Defendants had pending

proofs of claims against the Debtor, and the *Complaint,* although filed as a separate cause of action,

was intended as a basis for "set-off" against the claims filed by Crivella Holdings Limited and

Arthur Crivella if the claims were adjudicated to be allowed.  This Court finds this argument

lacking.

First, the within adversary proceeding was filed on August 7, 2025,[3] and the Debtor's *Objection to Claim No. 2 and Request to Expunge* (objecting to the claim of Crivella Holdings Limited) (Doc. 195) and the Debtor's *Objection to Clam No. 3 and Request to Expunge* (objecting to the claim of Arthur Crivella) (Doc. 196) were filed on February 20, 2025.  In each of those objections, no counterclaims were raised, but the claims were merely contested substantively. To now assert that this adversary proceeding constitutes a counterclaim to either of those claims is without factual support.

Second, the *Objection to Claim No. 2 and Request to Expunge* was granted, and the claim was disallowed by Order entered on August 29, 2025 (Doc. 431). The Debtor withdrew its *Objection to Clam No. 3 and Request to Expunge* at the August 28, 2025 hearing (which was granted by Order issued on September 5, 2025 (Doc. 433)), so at the time of the argument on the *Motion*, there were no objections to claims pending. Further, the Court disagrees that injunctive relief and prospective enforcement of the License, the relief sought herein, constitute "counterclaims" to the filed proofs of claims.  The filed claims asserted damages for the following: failure to adequately compensate Crivella Holdings Limited for the licensed IP (Claim 2) and unpaid prepetition services owed to Arthur Crivella (Claim 3).  If the Court were to reach the merits of the dispute as set forth in this adversary proceeding, the outcome of the litigation would result in a determination as to what Intellectual Property ("IP") the Plaintiff is entitled to access and utilize.  No monetary damages are sought, and the outcome of the scope of the IP determination could not be offset against the monetary damages raised in Claims 2 or 3.  Therefore, this Court

---

[3] The Court would also note that at the time the *Complaint* was filed, the Plan had gone effective, therefore the *Complaint* was not filed by the "estate" as contemplated under § 157(b)(2)(C) but rather by the Reorganized Debtor.

finds that the claims set forth in the *Complaint* do not constitute counterclaims and do not qualify as core proceedings as set forth in 11 U.S.C. § 157(b)(2)(C).

Notwithstanding the issue of whether this adversary proceeding actually is a counterclaim to the proof of claim,[4] now that the Court has issued a final Order disallowing the claim of Crivella Holdings Limited (Claim No. 2) and the Plaintiff has withdrawn its objection to claim of Aruthur Crivella (Claim No. 3), there are no claims to which a counterclaim may be asserted.[5] Therefore, since the relief sought in the *Complaint* cannot be considered a counterclaim to a proof of claim, the claims set forth in the *Complaint* cannot fall within a "core" proceeding under § 157(b)(2)(C).

### *"Non-core"/"Related to" Jurisdiction*

Since the Court finds that the *Complaint's* claims do not comprise a "core" proceeding, the analysis turns to whether the Court can exercise non-core jurisdiction according to § 157(c)(1) for cases that are "otherwise related to a case under title 11." *IMMC Corp.,* 909 F.3d at 595. If the Court were to hear the *Complaint* as a related to proceeding, this Court would "submit proposed findings of fact and conclusions of law to the district court." § 157(c)(1).

The general standard for related to jurisdiction was set forth by the Third Circuit in *Pacor,* where the court stated that the Bankruptcy Court has related to jurisdiction only if the "proceeding could conceivably have any effect on the estate being administered in bankruptcy"

---

[4] See *In re VP Energy, Inc.,* 300 B.R. 621 (Bankr. W.D. Pa. 2003)(In determining that the counts raised in an adversary proceeding constituted a core proceeding under § 157(b)(2)(C), the court considered whether the substance of the complaint arose from the same transaction or occurrence giving rise to the proof of claim, whether the filing of the proof of claim significantly predated the filing of the complaint or amended complaint, and whether each of the counts in the complaint constituted a counterclaims to the proof of claim.).

[5] *See In re New York City Shoes, Inc.,* 122 B.R. 668 (E.D. Pa. 1990) (Breach of contract claim was not considered a counterclaim to a proof of claim under § 157(b)(2)(C) where the proof of claim at issue was disallowed as part of a settlement agreement a year prior to the filing of the breach of contract proceeding).

and if the proceeding could "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and **which in any way impacts upon the handling and administration of the bankruptcy estate**." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). (emphasis added).

The standard for related to jurisdiction set forth in *Pacor* was further narrowed in *Resorts,* when the Court considered how confirmation of a Chapter 11 plan restricted the scope of matters that could be considered related to the bankruptcy. *Resorts,* 372 F.3d at 164-65. The Third Circuit in *Resorts* reasoned that, post-confirmation, Bankruptcy Court jurisdiction must be limited to prevent the bankruptcy case from "extend[ing] indefinitely." *Id.* at 164 (quoting *Donaldson v. Bernstein,* 104 F.3d 547, 553 (3d Cir. 1997)). The Court in *Resorts* further articulated that once the plan has been confirmed, any claims brought must "affect an integral aspect of the bankruptcy process" and "there must be a close nexus to the bankruptcy plan or proceeding." *Id.* at 167.

The Court in *Resorts* stated that retention of jurisdiction provisions in a plan are only effective if there is already an underlying basis for Bankruptcy Court jurisdiction, stating "neither the bankruptcy court nor the parties can write their own jurisdictional ticket." *Id.* at 161 Subject matter jurisdiction cannot even be created by agreement in a plan of reorganization. *Id.* The Court in *Resorts* summarized, "If there is no jurisdiction under 28 U.S.C. § 1334 or 28 U.S.C. § 157, retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant." *Id.* Therefore, the Court must disregard the language in paragraphs 15.1(g) and (p) of the Plan and consider whether a close nexus exists between the claims in the *Complaint* and the bankruptcy case.

Since the estate has been fully administered, all allowed claims have been satisfied in full, and there would only be a benefit to the Reorganized Debtor, this Court concludes that

there is no close nexus of the claims in the *Complaint* to the bankruptcy plan or estate.  This is true

because there is no recovery that would be "necessary to effectuate the terms of the plan." *Resorts*,

372 F.3d at168. The dispute does not involve interpretation of the Plan but interpretation of a

License assumed by the Plan.  An interpretation of the License favorable to the Plaintiff will not

result in a higher net benefit to the estate and creditors of the estate.  Therefore, the Court finds

that any connection of the claims in the *Complaint* to implementation of the Plan is too attenuated

to be considered a close nexus at this post-confirmation stage. Any benefit that the Reorganized

Debtor would realize from use of the License does not affect the Plan since Plan funding was not

dependent on the Debtor's future operational income.  The estate has been fully administered, and

the outcome of this adversary proceeding could not conceivably have any effect on the

administration of the bankruptcy estate.  *See Id.* at 166.[6]

During the October 9, 2025 hearing, Plaintiff argued that *Resorts* was

distinguishable from the present matter and pointed to the case of *In re Florida Dev. Assocs. Ltd.,*

2009 WL 393870 (Bankr. S.D. Fla. Feb. 4, 2009) for the proposition that traditional state law

claims can have a close nexus to the bankruptcy case.  The Court agrees with the reasoning in

*Florida* as it is consistent with *Resorts* and it similarly relies on the Third Circuit *Pacor* test.

*Florida,* 2009 WL 393870 at * 3.  However, what the Plaintiff fails to acknowledge is in *Florida,*

any recovery from the lawsuit against Knezevich & Associates would have replenished estate

funds that the plaintiff in that case alleged were previously depleted by the defendant, and therefore

recovery of the funds would be "for the benefit and administration of the bankruptcy estate."  *Id.*

---

[6] Courts from other jurisdictions agree with this approach. *See In re Gen. Media, Inc.,* 335 B.R. 66, 75 (Bankr. S.D.N.Y. 2005) ("The unsecured creditors have presumably been paid from the proceeds of the new loan and will receive nothing further. Bankruptcy courts plainly lack subject matter jurisdiction over post-confirmation litigation where the case has been fully administered and all of the recovery will go to the reorganized debtor rather than to the creditors. *See, e.g., Poplar Run Five Ltd. P'ship,* 192 B.R. at 858; *Venn v. Kinjite Motors, Inc.* (In re WMR Enters., Inc.), 163 B.R. 887, 890 (Bankr.N.D.Fla.1994)").

In this case, any recovery or other relief requested would only benefit the Reorganized Debtor and not the bankruptcy estate.

Furthermore, Defendants are correct in their assertion that bringing a claim under 11 U.S.C. § 105 does not confer automatic jurisdiction with the bankruptcy court. Section 105(a) allows a Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105 does not provide an independent source of subject matter jurisdiction, and such jurisdiction must be established separately. *Combustion Eng'g, Inc.,* 391 F.3d at 224-25 (citing *Johns-Manville,* 801 F.2d at 63). As noted above, since the Plan has been fully administered and all objections to proofs of claims have been fully adjudicated, an injunction relating to the Reorganized Debtor's access to the Knowledge Kiosk according to the License would only serve to benefit the Reorganized Debtor, and would have no conceivable effect on the bankruptcy estate, implementation of the Plan, or the case in general.

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over the *Complaint.* Therefore, the *Motion* will be granted. The Court will issue an Order consistent with this Memorandum Opinion.

Dated:  10/22/2025

BY THE COURT:

John C. Melaragno, Judge
United States Bankruptcy Court

SIGNED
10/22/25 11:30 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

12